HERMAN FEARS, RESPONDENT, v. STATE BANK OF NAYLOR, APPEL-
LANT.—31 S. W. (2d) 94.

Springfield Court of Appeals. September 12, 1930.

*E. L. McGee* and *Garry H. Yount* for appellant.

*George D. Sloan* for respondent.

COX, P. J.—Action on breach of warranty. Plaintiff recovered and defendant appealed.

The facts which it is alleged render defendant liable are as follows: The Farmers & Merchants State Bank of Naylor, Missouri, was the owner of a certain tract of real estate and on June 22, 1926, conveyed same to plaintiff by general warranty deed with no exceptions. That said Farmers & Merchants State Bank was liable for the taxes on said land for the year 1927, because of the fact that it owned the land on June 1, 1926, when the assessment for taxes due in 1927 was made. That said taxes were not paid by said bank and plaintiff was required to pay them to protect his title to the land. That in April, 1927, the defendant, State Bank of Naylor, took over the assets of the said Farmers & Merchants State Bank

and assumed all the liabilities of the latter bank and in that way became liable to plaintiff for the taxes paid by him on the land he purchased from the Farmers & Merchants State Bank in June, 1926.

That the covenant of warranty in the deed from the Farmers & Merchants State Bank covered the taxes falling due in 1927 was conceded. The issues at the trial were as to whether or not the defendant, State Bank of Naylor, had by contract assumed the liability of the Farmers & Merchants State Bank to plaintiff under its covenant of warranty, or if not, then whether it become liable therefor without a specific contract relating thereto.

The evidence discloses that the Farmers & Merchants State Bank and another bank in Naylor, to-wit, the Bank of Naylor, combined and a new bank by the name of the State Bank of Naylor was organized. The new bank, which is the defendant in this case, took over the assets that were considered good of both banks and assumed the liabilities, or at least a part of the liabilities, of both banks. The stockholders in each of the banks surrendered their stock and accepted stock in the new bank therefor. The old banks were each capitalized at at $10,000, making a total par value of stock in the two banks of $20,000. The new bank was capitalized at $15,000. The stock in the Farmers & Merchants State Bank was valued at $0.60 on the $1 and the stock of the Bank of Naylor was valued at $0.90 on the $1 and on that basis the stockholders of the old banks surrendered their stock and accepted stock in the new bank, which means that the stockholders of the Farmers & Merchants Bank received a total of stock in the new bank of the par value of $6,000 and the stockholders of the Bank of Naylor received a total of $9,000. No new capital was put into the new bank. This stock was issued to stock holders of the old banks on a basis of value represented by the assets which the new bank received from the old banks.

In the consolidation of these two banks as a result of which the new bank was organized, a contract was drawn up and signed by the directors of the Farmers & Merchants State Bank representing the stockholders of said bank by which they agreed to sell and transfer to said Bank of Naylor all the assets of the said Farmers & Merchants State Bank. This is followed by the following provision: "Now, therefore, in consideration of the transfer of the said assets from the said Farmers & Merchants State Bank to the incorporated institution, bearing the name State Bank of Naylor, the last named institution, through its officers acting under authority from its Board of Directors, hereby covenants and agrees to assume and pay all accounts due from the said Farmers & Merchants State Bank to its depositors and *all other creditors*, except stockholders for their stock representing the capital of the Farmers & Merchants State Bank. A list of all accounts due the said depositors and

directors of record on the books of the bank named above is hereby attached and marked Exhibit B.'' (Italics are ours.) While this contract was executed by the board of directors of the Farmers & Merchants State Bank, only, and was not signed by anybody on behalf of the new bank, yet it was offered in evidence as the contract between the two banks and went in without objection and it was conceded that all the assets of the Farmers & Merchants State Bank that were considered good were transferred to the new bank and the Farmers & Merchants State Bank went out of business. This contract with Exhibit B referred to therein was delivered to, and retained by, the new bank and it is evident that the transfer was made under this contract. Exhibit B is not set out in full but it seems conceded that it contained a complete list of all the liabilities of the Farmers & Merchants State Bank as far as known at that time. There was a sheet described as sheet No. 3 attached to this Exhibit B which was attached to the contract as it appeared when in the possession of defendant, the new bank, at the time of the trial. This sheet No. 3 contained the following: ''Liability of' Farmers & Merchants State Bank. Any attorneys' fees or costs in and on all law suits; for calenders ordered; any and all stationery, office lights, telephone, any back taxes, salaries, and $1400 loan on Allison farm and other incidental expenses for clearing land on Allison farm.'' There was a conflict in the evidence as to whether the sheet numbered 3 was attached to the contract as a part of Exhibit B at the time of its delivery to defendant. The court made no finding of facts and no declarations of law were asked or given so if the result depended on whether this exhibit was attached to the contract when it was delivered, we should be required to hold that the evidence would sustain a finding that it was attached to the contract at that time. We do not, however, regard this list of liabilities as essential to plaintiff's recovery in this case. As to taxes, it includes back taxes only, and the taxes in controversy here were not due at the time this contract was executed and would not be covered by the term ''back taxes.''

We think the defendant assumed liability for these taxes under the terms of the contract as written in the body thereof. Its language is very broad. It provides that defendant ''covenants and agrees to assume and pay all accounts due from the said Farmers & Merchants State Bank to its depositors and *all other creditors* except stockholders for their stock.'' (Italics are ours.) It seems clear to us that the language ''all other creditors'' covers all obligations then existing against the Farmers & Merchants State Bank. That bank had executed a general warranty deed without reservations to plaintiff for certain real estate on June 22, 1926. That left an obligation upon that bank to pay the taxes on the land conveyed that fell due in 1927, the taxes sued for in this action.

Appellant contends that the statutes of this State did not provide any way by which two banks can consolidate. The evidence in this case was that two banks did consolidate and started a new bank, which is the defendant in this case. Defendant, therefore, is not in position to seek protection on that ground or to avoid responsibility under its contract made to bring about the consolidation.

It is also said that the contract in question was merely a sale and purchase and the purchaser was not liable for the debts of the seller. We construe the contract to mean that defendant did thereby assume and agree to pay the obligations of the Farmers & Merchants State Bank, which included the liability of that bank for the taxes which is made the basis of this action.

The judgment will be affirmed. *Bailey* and *Smith, JJ.,* concur.